Quintin G. Shammam, Esq. (SBN. 246926)
LAW OFFICES OF QUINTIN G. SHAMMAM
2221 Camino Del Rio South, Ste. 207
San Diego, California 92108
Tel: (619) 444-0001
Fax: (619) 501-1119

Attorney for Plaintiff
BUSHRA BUTRES

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BUSHRA BUTRES, | Case No.: '12CV2749 LAB KSC |
| Plaintiff, | **Complaint for Damages** |
| vs. | |
| ASSET ACCEPTANCE, LLC, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-1-

COMPLAINT

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Bushra Butres, ("Plaintiff"), through her attorney, brings this action to challenge the actions of Asset Acceptance, LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**JURISDICTION AND VENUE**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-2-

COMPLAINT

9. Because Defendant does business within the State of California, County of San Diego, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

11. Plaintiff is a natural person who resides in the City of El Cajon, County of San Diego, State of California and is a "consumer" or a "person" affected by a violation of the FDCPA, as those terms are defined by 15 U.S.C. § 1692a(3) and 1692k.

12. Defendant is a Delaware Limited Liability Corporation who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another is therefore a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

14. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

16. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

17. At all times relevant, Defendant conducted business within the State of California.

18. Sometime before September 4, 2012, Plaintiff allegedly incurred a financial obligations that were primarily for personal, family or household purposes, that went into default for

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-3-

COMPLAINT

late payment, and was therefore an alleged "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a HSBC Bank Nevada National Association/Neiman Marcus credit card ("Debt").

19. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

20. Before September 4, 2012 Plaintiff allegedly fell behind in the payments allegedly owed on the alleged Debt. Plaintiff currently takes no position as to the validity of this Debt.

21. Subsequently, but before September 4, 2012, the Debt was assigned, placed, or otherwise transferred, to Defendant for collection.

22. On September 4, 2012, Defendant called Plaintiff on her cell phone total of 11 times, and all of these phone calls were received within 5 minutes between 1:04 P.M. and 1:09 P.M.

23. These telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

24. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

25. Through this conduct, Defendant caused any conduct the natural consequence of which is to harass, oppress, or abuse any person. Consequently, Defendant violated 15 U.S.C. § 1692d.

26. Through this conduct, Defendant caused the phone ring or engaged any person in telephone conversations repeatedly. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

27. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

28. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection

Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

29. On September 5, 2012, Defendant called Plaintiff on her cell phone total of 13 times; 11 of these phone calls were received within 2 minutes between 5:28 P.M. and 5:30 P.M.

30. These telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

31. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

32. Through this conduct, Defendant used any conduct the natural consequence of which is to harass, oppress, or abuse any person. Consequently, Defendant violated 15 U.S.C. § 1692d.

33. Through this conduct, Defendant caused the phone ring or engaged any person in telephone conversations repeatedly. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

34. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

35. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

36. On September 6, 2012, Defendant called Plaintiff on her cell phone a total of 5 times; 4 of these phone calls were received within 5 minutes between 11:53 A.M. and 11:58 A.M.

37. These telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

38. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-5-

COMPLAINT

39. Through this conduct, Defendant used any conduct the natural consequence of which is to harass, oppress, or abuse any person. Consequently, Defendant violated 15 U.S.C. § 1692d.

40. Through this conduct, Defendant caused the phone ring or engaged any person in telephone conversations repeatedly. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

41. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

42. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

43. On September 7, 2012, Defendant called Plaintiff on her cell phone total of 2 times; both of these phone calls were received within 1 minute between 2:23 P.M. and 2:24 P.M.

44. These telephone calls to Plaintiff were "communications" as that term is defined by 15 U.S.C. § 1692a(2).

45. These telephone calls were "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase.

46. Through this conduct, Defendant used any conduct the natural consequence of which is to harass, oppress, or abuse any person. Consequently, Defendant violated 15 U.S.C. § 1692d.

47. Through this conduct, Defendant caused the phone ring or engaged any person in telephone conversations repeatedly. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

48. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

49. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

### 15 U.S.C. §§ 1692 ET SEQ.

50. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

51. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

52. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (RFDCPA)

### CAL. CIV. CODE §§ 1788-1788.32

53. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

54. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA, including but not limited to each and every one of the above-cited provisions of the RFDCPA, Cal. Civ. Code §§ 1788-1788.32.

55. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-7-

COMPLAINT

## COUNT III

### INVASION OF PRIVACY

### INTRUSION INTO PRIVATE AFFAIRS

56. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57. Plaintiff had a reasonable expectation of privacy while some of the above conduct took place.

58. Defendant intentionally intruded into this expectation of privacy.

59. Defendant intrusion would be highly offensive to a reasonable person.

60. Plaintiff was harmed.

61. The conduct of Defendant was a substantial factor in causing Plaintiff this harm.

### TRIAL BY JURY

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  US Const. amend. 7. Fed.R.Civ.P. 38.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30( c);
- Special, general, compensatory and punitive damages;
- For such other relief as may be just and proper.

1
2  Dated:   11/13/2012                          By:    /s/ Quintin G. Shammam
3                                                     Quintin G. Shammam, Attorney for Plaintiff
                                                      BUSHRA BUTRES
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF
QUINTIN G.
SHAMMAM

TEL (619) 444-0001
FAX (619) 501-1119

-9-

**COMPLAINT**